Nicole R. **KESTERSON** and Philip M. Kesterson, Appellants,

v.

**STATE FARM FIRE & CASUALTY COMPANY** and State Farm Mutual Automobile Insurance Company, Respondents.

No. SC 88648.

Supreme Court of Missouri, En Banc.

Jan. 15, 2008.

Matthew J. Padberg, Anna E. Spink, St. Louis, for Appellees.

J. Christopher Spangler, Sedalia, for Respondents.

MICHAEL A. WOLFF, Judge.

### Question Presented

The Kestersons had two theories of uninsured motorist liability against their insurer, State Farm, arising from a car accident in which Nicole Kesterson was injured. When the Kestersons voluntarily dismissed one of their two claims, in order to appeal an adverse judgment on the other claim, did they improperly split their cause of action so that the judgment on the first claim barred the second?

### Facts and Procedural History

Nicole Kesterson was a passenger in a car driven by her supervisor, Gary Wallut, in the December 1998 accident. The Department of Natural Resources, the employer of both Wallut and Kesterson, owned the car Wallut was driving. The accident occurred when Wallut lost control of the car and collided with an oncoming tractor-trailer.

Kesterson brought a negligence claim against Wallut. She also brought a claim against her insurer, State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company.[1] Kesterson says the state vehicle Wallut was driving at the time of the collision was uninsured in that it was covered by the state legal expense fund, which was not an insurance program. Kesterson argued, therefore, that she was entitled to collect damages for Wallut's negligence under her State Farm policy, which provided for uninsured motorist coverage. Kesterson also alleged, in the alternative, that she was entitled to uninsured motorist benefits because the negligent driver of a "phantom vehicle"[2] caused the accident by forcing Wallut to take evasive action which resulted in a collision with the tractor-trailer. Kesterson's husband, Philip Kesterson, alleged damages for loss of consortium.

Prior to trial, Wallut filed a motion to dismiss on the grounds that worker's compensation was Kesterson's sole remedy. State Farm also filed a motion for summary judgment on Kesterson's claim for uninsured motorist coverage based on Wallut's negligence. The trial court grant-

---

1. There are two "State Farm" entities referred to in this litigation. The parties treat them as the same insurer.

2. Kesterson's uninsured motorist policy included coverage for accidents negligently caused by unknown or "phantom vehicles."

ed Wallut's motion to dismiss and State Farm's motion for summary judgment based on the court's determination that workers' compensation was Kesterson's exclusive remedy for injuries resulting from Wallut's negligence.

Kesterson appealed the trial court's dismissal of the negligence claim against Wallut and the grant of State Farm's summary judgment motion. The court of appeals affirmed the trial court's dismissal of the claim against Wallut, but declined to review the trial court's decision to grant summary judgment in favor of State Farm because Kesterson's claim for uninsured motorist coverage arising out of the negligence of the "phantom vehicle" was still pending in the trial court. The court of appeals thus dismissed the appeal of the uninsured motorist claim against State Farm based on Wallut's negligence for lack of appellate jurisdiction. *Kesterson v. Wallut* 116 S.W.3d 590, 598 (Mo.App. 2003).

After the court of appeals dismissed their appeal, the Kestersons filed a motion to dismiss their claim, without prejudice, against State Farm for the negligence of the "phantom driver." Because the Kestersons' claims had once previously been voluntarily dismissed under Rule 67.02, the motion to dismiss was subject to the court's approval under Rule 67.02(a).[3] Over the objection of State Farm, the trial court granted the Kestersons' motion to dismiss.

The Kestersons then appealed the trial court's decision to grant summary judgment for State Farm on the claim for uninsured motorist coverage based on Wallut's negligence. On appeal, the court of appeals affirmed the trial court's decision to grant summary judgment. *Kesterson v. Wallut,* 157 S.W.3d 675, 686 (Mo. App.2004).

After the court of appeals affirmed the summary judgment in favor of State Farm, the Kestersons filed another suit in April 2005 against State Farm for uninsured motorist coverage based on the negligence of the "phantom driver." State Farm filed a motion to dismiss, arguing that the doctrine of *res judicata,* also known as claim preclusion, barred the Kestersons' suit. The trial court sustained State Farm's motion and dismissed the Kestersons' claim with prejudice. After opinion in the court of appeals, this Court granted transfer. This Court has jurisdiction. Mo. Const. art. V, section 10.

## Claim Preclusion

 *Res judicata,* a Latin phrase meaning "a thing adjudicated", prohibits a party from bringing a previously litigated claim. *Chesterfield Village, Inc. v. City of Chesterfield,* 64 S.W.3d 315, 318 (Mo. banc 2002). The modern term is "claim preclusion." *Id.* Claim preclusion also precludes a litigant from bringing, in a subsequent lawsuit, claims that *should* have been brought in the first suit.[4] *Id.* As such,

---

**3.** The Kestersons filed a motion to dismiss the "phantom vehicle" claim without prejudice in the trial court because they had had previously filed a notice of dismissal on the same claim. Rule 67.02 provides that a "party who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only:

(1) Upon filing a stipulation to that effect signed by the opposing party, or

(2) On order of the court made on motion in which the ground for dismissal shall be set forth."

**4.** The Restatement sets forth the common law doctrine of *res judicata:* "(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or

the doctrine applies to "every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *King General Contractors, Inc.,* 821 S.W.2d 495, 501 (Mo. banc 1991).

■ Improper splitting of claims occurs when a party sues on a claim which arises out of the same "act, contract or transaction" as the previously litigated claims. *Id.* A court should also consider "whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions." *Grue v. Hensley,* 357 Mo. 592, 210 S.W.2d 7, 10 (1948). If the claim does arise out of the same "act, contract or transaction", the claim is barred by the original judgment under the doctrine of claim preclusion. *Chesterfield Village, Inc.* at 319. The rule against splitting a claim for relief serves to "prevent a multiplicity of suits and appeals with respect to a single cause of action, and is designed to protect defendants against fragmented litigation, which is vexatious and costly." *Bagsby v. Gehres,* 139 S.W.3d 611, 615 (Mo.App.2004).

### Same Transaction?

■ The Kestersons' argue that their "phantom vehicle" claim against State Farm is a separate claim under the doctrine of claim preclusion because there are two separate sets of operative facts that form the basis for recovery of uninsured motorist benefits under the State Farm policy with respect to the accident of December 30, 1998:(1) the underlying negligence of Wallut as the driver of his employer's vehicle; and (2) the underlying negligence of the phantom driver of the hit-and-run vehicle. Because of their differing subject matter, the evidence necessary to prove each claim is distinct. Since the "evidence necessary to sustain the claim[s]" is different in both cases, the Kestersons argue, their voluntary dismissal and refiling of the "phantom vehicle" claim did not violate the rule against improper claim splitting.

■ The Kestersons are correct in their assertion that a court must look to the factual bases for the claims, not the legal theories, when determining whether claims may be split. *Chesterfield Village, Inc.* at 319. In order for a subsequent claim on the same transaction to be considered separate, however, there must be new ultimate facts, as opposed to evidentiary details, that form a new claim for relief. *Id.* at 320. The evidentiary details necessary to prevail on the "phantom vehicle" claim are indeed different than those necessary to prevail on the Kestersons' uninsured motorist claim against State Farm based on Wallut's negligence.

The crux of the inquiry, however, is the same. Both claims require evidence regarding the circumstances surrounding the car accident. Evidence of the road conditions on the day of the accident, Wallut's negligent driving, the relative positions of the cars and the tractor-trailer at the time of the accident and the fault of the driver of the "phantom vehicle" are integral to both claims. In other words, the ultimate facts in both claims are the same. That the "phantom vehicle" claim would require a greater focus on the negligence of the

---

any part of the transaction, or series of connected transactions, out of which the action arose. (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Restatement 2d of Judgments sec. 24 (2007).

"phantom" driver does not create a separate claim for the purposes of claim preclusion. The "phantom driver" claim against State Farm undeniably arose out of the same transaction as the previously litigated claims because all of the claims originate from the same car accident.

### The Order and Judgment of the Trial Court

■ Rule 67.01 provides that a dismissal "without prejudice"—the order granted by the trial court when the Kestermans moved for voluntarily dismissal of the portion of their action based on the "phantom driver"—allows the dismissing party "to bring another civil action for the same cause, unless the civil action is otherwise barred." Notwithstanding a dismissal "without prejudice," the common law doctrine of claim preclusion may present an instance where the civil action is "otherwise barred." The question in this case is whether the common law doctrine of claim preclusion admits an exception that preserves the Kestermans' "phantom driver" theory.

While the doctrine of claim preclusion generally prohibits splitting of a single claim, there are limited situations where this general rule does not apply. One such exception exists when the court in the first action has expressly reserved the plaintiff's right to maintain the second action. Restatement 2d of Judgments sec. 26(1)(b) (2007). In this situation, "a determination by the court that its judgment is "without prejudice" to a second action on the omitted part of the claim, expressed in the

judgment itself ... should ordinarily be given effect in the second action." Id. at Comment (b). Missouri cases discussing claim preclusion generally follow the Restatement of Judgments. *Chesterfield Village, Inc.* at 318.

■ In its judgment and order dismissing the Kestersons' "phantom vehicle" claim without prejudice, the trial court stated, "[t]he Court finds, pursuant to the motion filed by Plaintiffs and by oral argument that the dismissal of this cause of action without prejudice would lead to judicial economy by avoiding at least one trial and potentially avoiding two trials." While it is difficult to understand, from the perspective of an appellate court, why the dismissal without prejudice would further judicial economy, the correctness of the trial court's prediction about judicial economy is not the issue. To decide the applicability of claim preclusion, the issue is whether the trial court expressly reserved the Kestersons' right to file the "phantom vehicle" claim at a later time, and it is unmistakably clear that the court did so.[5]

The doctrine of claim preclusion, therefore, would not apply, though the doctrine would normally bar the Kestersons from bringing the "phantom vehicle" claim in a subsequent suit. Because the trial court expressly authorized the splitting of the "phantom vehicle" theory from the theory of negligence against Wallut the driver in its dismissal without prejudice, the Kestersons may bring this "phantom driver" claim in a second suit.

---

5. What makes this case unusual is that, because of a prior dismissal without prejudice, Rule 67 requires the judge's order approving the dismissal without prejudice. In other, more common circumstances in which there has not been a prior dismissal, the plaintiff may dismiss a claim without prejudice without judicial involvement. If a party moving for a dismissal without prejudice for the first time seeks an order of court approval, the court should not be involved and no order should be entered. Any language authorizing the splitting of a claim would be mere surplusage where no judicial approval is required by Rule 67.

## Conclusion

The trial court erred in granting State Farm's motion to dismiss. The judgment of the circuit court is reversed, and the case is remanded.

STITH, C.J., PRICE, TEITELMAN, LIMBAUGH and RUSSELL, JJ., and SWEENEY, Sp.J., concur.

BRECKENRIDGE, J., not participating.