

# In the
# Missouri Court of Appeals
## Western District

H. DAVID ROY,

      **Appellant,**

v.

MBW CONSTRUCTION, INC., ET AL.,

      **Respondents.**

**WD78673**

**OPINION FILED:**

**February 23, 2016**

---

**Appeal from the Circuit Court of Platte County, Missouri**
**The Honorable Thomas Clark Fincham, Judge**

**Before Division Three:**
**James Edward Welsh, P.J., Joseph M. Ellis, and Thomas H. Newton, JJ.**

H. David Roy appeals the circuit court's grant of summary judgment in favor of MBW

Construction, Inc., and MBW's president, Keith McConnell,[1] on Roy's petition seeking damages

for breach of implied warranty of habitability and fitness, fraudulent concealment, and unlawful

merchandising practices and punitive damages for willful violation of a building code. Roy

asserts the circuit court erred in granting summary judgment because (1) MBW failed to comply

with the requirements of Rule 74.04 by submitting statements of fact that were defective in form

and/or not supported by properly certified depositions and trial transcripts, (2) MBW failed to

---

[1]We refer to MBW and McConnell collectively as MBW.

show entitlement to judgment as a matter of law on its affirmative defense of collateral estoppel, and (3) MBW failed to show entitlement to judgment as a matter of law on its affirmative defense of res judicata. We affirm.

When considering appeals from summary judgments, we view the record in the light most favorable to the party against whom judgment was entered, and we afford that party the benefit of all reasonable inferences. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record established that, on October 3, 2008, Roy and MBW entered into a New Home Sale Contract wherein MBW agreed to build and sell to Roy a new home for the purchase price of $490,000 in the Embassy Park subdivision in Platte County, Missouri. The sale of the real property was closed on June 18, 2009.

On January 8, 2010, Roy filed a petition for breach of contract and unjust enrichment against MBW[2] in the Circuit Court of Clay County, Missouri. Thereafter, Roy amended his petition twice to include additional claims for breach of express warranty, negligent misrepresentation, and unlawful merchandising practices. In the second amended petition, Roy claimed that MBW charged him excessively for extra items built in the home, failed to give him credits on the final price of the house for amounts he paid separately to subcontractors, failed to timely correct construction defects in a portion of the roof and front door amounting to a breach of the express warranty in the contract, and failed to complete construction of certain items in accordance with the specifications (in particular failed to comply with the specification for the garage).

On December 9 through December 13, 2013, the Clay County Circuit Court held a trial on Roy's claims. At the close of plaintiff's evidence, the court sustained MBW's motion for

---

[2]Roy did not include McConnell as a defendant in the Clay County case.

2

directed verdict on the count (Count V) involving unlawful merchandising practices. On January 28, 2014, the circuit court entered its amended judgment finding in favor of MBW on Counts I (breach of contract), II (unjust enrichment), and IV (negligent misrepresentation) of Roy's petition and specifically found that the testimony of Roy was not credible. The court found in favor of Roy on the count for breach of warranty (Count III) and awarded Roy $200 for repair of the front door and $5,000 for repair of the roof. The court found the testimony of MBW's expert as to the necessity and cost of roof repair to be credible.

After the amended judgment was entered, Roy contacted a contractor and an engineer to render opinions regarding repairs of his roof and garage and also asked the city inspector, who had testified at the trial, to offer additional opinions on the garage extension on his home. On February 26, 2014, Roy filed a motion to amend the judgment and a motion for new trial, alleging that MBW's president, Keith McConnell, gave false testimony regarding the roof and garage floor extension and requesting the court to "open the judgment and take additional testimony" regarding MBW's failure to construct the garage floor extension in accordance with law in that no required footing had been installed and regarding the cost of repair of correcting the nonconforming roof in that the roof rafters had been constructed on "24 inch centers" rather than "16 inch centers." MBW filed suggestions in opposition to the motion, denying Roy's allegations regarding McConnell's alleged false testimony and requesting that the court not allow any further evidence on these issues.

On April 17, 2014, the circuit court heard argument on Roy's motion to amend the judgment and motion for new trial and took the motions under advisement. Pursuant to Rule 78.06, the circuit court denied Roy's motions. On June 6, 2014 Roy filed a notice of appeal of the Clay County case with this court alleging that the circuit court erroneously applied the law

3

and that its judgment was against the weight of the evidence regarding the breach of contract and unjust enrichment claims. Roy also alleged that the circuit court erred in denying his motion for new trial based upon newly discovered evidence demonstrating that McConnell gave deliberately false testimony. This court affirmed the Clay County circuit court's judgment on November 3, 2015. *Roy v. MBW Construction, Inc.*, 2015 WL 6689128, WD77615 (Mo. App. Nov. 3, 2015).

In the meantime, on October 10, 2014, just a few months after filing his notice of appeal in the Clay County case, Roy filed his petition for damages at issue in this case against MBW and McConnell with the Circuit Court of Platte County seeking damages for breach of implied warranty of habitability and fitness, fraudulent concealment, and unlawful merchandising practices and punitive damages for willful violation of a building code. In the petition, Roy sought damages because the garage floor extension had been installed without a foundation wall and required footing and because the roof rafters had been constructed "24 inch on center" rather than "16 inch on center." MBW timely filed an answer and asserted the affirmative defenses of collateral estoppel and res judicata on the basis that the claims contained in Roy's petition in the Platte County case were identical to or arose out of the same transaction or occurrence as those raised in the petition in the Clay County case.

On February 12, 2015, MBW filed a motion for summary judgment on the basis that there was no genuine dispute as to the existence of each fact necessary to establish its affirmative defenses of collateral estoppel and res judicata. MBW included these documents from the Clay County case as exhibits to its motion for summary judgment: the original, first amended, and second amended petitions for damages, the amended judgment, Roy's motion to amend the judgment and motion for new trial, and the notice of appeal. MBW also included with its motion portions of deposition and/or trial testimony of Roy, McConnell, expert witness Ken Sidorowicz,

4

expert witness Kim Stevermer, expert witness Charles Blair, City Inspector Charles Spahn, and expert witness Dennis Wright, regarding the roof and garage extension on Roy's home. Roy filed suggestions in opposition to MBW's motion for summary judgment, admitting or objecting to each of MBW's statement of uncontroverted material facts. The circuit court held oral argument on the motion for summary judgment on April 10, 2015. On April 28, 2015, the circuit court granted MBW's motion for summary judgment without issuing findings of fact or conclusions of law. Roy appeals.

Our review of a summary judgment is *de novo*. *ITT Commercial*, 854 S.W.2d 371 at 376. We review the record in the light most favorable to the party against whom judgment was entered, and we afford that party the benefit of all reasonable inferences. *Id*. "The propriety of summary judgment is purely an issue of law." *Id*. We will affirm the circuit court's grant of summary judgment if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id*. at 380; Rule 74.04. A "defending party" may establish a right to judgment by showing:

> (1) facts that negate any one of the claimant's elements facts [sic], (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense.

*ITT Commercial*, 854 S.W.2d at 381 (emphasis omitted).

When the circuit court grants summary judgment without specifying the basis upon which the motion was granted, we will affirm the grant of summary judgment under any appropriate theory. *Central Missouri Elec. Co-op. v. Balke*, 119 S.W.3d 627, 635 (Mo. App.

5

2003). Further, we presume that the circuit court based its decision on the grounds specified in MBW's summary judgment motion since the circuit court did not set forth its reasoning. *Id*.

Roy asserts three points on appeal. He contends that the circuit court erred in granting summary judgment because (1) MBW failed to comply with the requirements of Rule 74.04 by submitting statements of fact that were defective in form and/or not supported by properly certified depositions and trial transcripts, (2) MBW failed to show entitlement to judgment as a matter of law on its affirmative defense of collateral estoppel because the issues raised in the Platte County case are not identical to those raised in the Clay County case, and (3) MBW failed to show entitlement to judgment as a matter of law on its affirmative defense of res judicata because the cause of action alleged in the Platte County case was separate and distinct and arose from newly discovered evidence of defects in the home which were not claimed or adjudicated to a final judgment in the Clay County case. Because we find the third point to be dispositive, we need not address Roy's first two points on appeal.[3]

The doctrine of res judicata, or "claim preclusion," "precludes a litigant from bringing, in a subsequent lawsuit, claims that *should* have been brought in the first suit." *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 715-16 (Mo. banc 2008) (emphasis in the original). Res judicata applies when four identities are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) and identity of the quality of the person for or against whom the claim is made. *King Gen. Contractor, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. banc 1991).

---

[3]Even if we were to conclude that the deposition and trial testimony attached to MBW's motion for summary judgment were not properly made part of the record and failed to support MBW's statement of uncontroverted facts, no genuine dispute exists as to the existence of each of the facts necessary to support MBW's properly-pleaded affirmative defense of res judicata.

6

Res judicata also applies to "every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* Res judicata, however, "does not operate to preclude later litigation, including those claims that could have been brought, unless the four identities first occur." *Lauber-Clayton, LLC. v. Novus Props. Co.*, 407 S.W.3d 612, 618 (Mo. App. 2013).

Moreover, the doctrine "operates to bar any claim that was previously litigated between the same parties or those in privity with them." *Spath v. Norris*, 281 S.W.3d 346, 350 (Mo. App. 2009). "'Privity, as a basis for satisfying the "same party" requirement of res judicata, is premised on the proposition that the interests of the party and non-party are so closely intertwined that the non-party can fairly be considered to have had his or her day in court.'"[4] *Id.* (citation omitted).

In this case, all four identities of res judicata are satisfied. The "thing sued for" in both the Clay County and Platte County case was monetary damages due to defects in a home constructed by MBW. "Identity of the cause of action" existed in that Roy sought redress for the defects in the home constructed by MBW and the claims arose out of the same act, contract, or transaction. *See Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 319 (Mo. banc 2002). "Identity of the parties" was satisfied in that Roy sued MBW in both suits and McConnell, as president and shareholder of MBW, was in privity with MBW.[5] Finally," identity

---

[4]As noted previously, McConnell was not a party in the Clay County case. As president and shareholder of MBW, McConnell was in privity with MBW and his interests and MBW's interests are so closely intertwined that McConnell can fairly be considered to have had his day in court. *Spath*, 281 S.W.3d at 350. Roy does not contend that they were not in privity; he merely asserts that the Platte County case involves McConnell, and therefore, there is no identity of parties for purposes of res judicata.

[5]*See* note 4.

of the quality of the person for or against whom the claim is made" was easily satisfied in that MBW was sued in both cases.

In this case, Roy is raising claims that stem from the same set of facts that should have been raised in the first suit in Clay County. Both lawsuits stemmed from facts surrounding the construction of a new home for Roy by MBW. As the Missouri Supreme Court explained, res judicata "applies not only to points and issues upon which the court was required by the pleadings and proof to form an opinion and pronounce judgment, but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *King*, 821 S.W.2d at 501. "So long as the underlying facts are the same, res judicata bars re-litigation of the matter 'whether upon the same or different cause of action, claim, demand, ground or theory.'" *State ex rel. City of Blue Springs, Missouri v. Schieber*, 343 S.W.3d 686, 689 (Mo. App. 2011) (citations omitted). Roy's claims for breach of implied warranty of habitability and fitness, fraudulent concealment, unlawful merchandising practices, and willful violation of a building code were all claims that Roy could have brought forward in the Clay County case had Roy exercised reasonable diligence.

Indeed, "[s]eparate legal theories are not to be considered as separate claims, even if 'the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.'" *King*, 821 S.W.2d at 501 (citation omitted). Res judicata prohibits "splitting" a claim or cause of action. *Chesterfield*, 64 S.W.3d at 318. "'A cause of action which is single may not be split and filed or tried piecemeal, the penalty for which is that an adjudication on the merits in the first suit is a bar to a second suit.'" *King*, 821 S.W.2d at 501 (citation omitted). "Claims that could have been raised by a prevailing party in the first action are merged into, and are thus barred by, the

8

first judgment." *Chesterfield*, 64 S.W.3d at 318. "'In general, the test for determining whether a cause of action is single and cannot be split is: 1) whether separate actions brought arise out of the same act, contract or transaction; 2) or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions.'" *King*, 821 S.W.2d at 501 (citation omitted).

"To determine whether a claim is barred by a former judgment, the question is whether the claim arises out of the same 'act, contract or transaction.'" *Chesterfield*, 64 S.W.3d at 318-19 (quoting *Grue v. Hensley*, 210 S.W.2d 7, 10 (1948)). The term "transaction" has broad meaning and is defined as "'the aggregate of all the circumstances which constitute the foundation for a claim. It also includes all of the facts and circumstances out of which an injury arose.'" *King*, 821 S.W.2d at 501 (citation omitted). Roy's claims in the Platte County case most certainly arose from the "same act, contract, or transaction" as his claims in the Clay County case. Thus, when the Clay County's judgment was final, it extinguished "'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Chesterfield*, 64 S.W.3d at 318 (quoting *King*, 821 S.W.2d at 501).

Roy argues that res judicata is not applicable because his new claims in the Platte County case are based on "new facts requiring new proof" and arise from "newly discovered defects in the home." Roy asserts that the issues regarding the roof and garage extensions were not litigated as part of the Clay County case and that it was not until after the trial in the Clay County case that he discovered these alleged new issues with his home. We note, however, that while the Clay County case was still pending, Roy filed a motion to amend the judgment and a motion for new trial seeking the exact relief he requests in his petition in the Platte County case. Indeed,

9

Roy admits that the claims set forth in his motion to amend the judgment and motion for new trial are identical to the claims set forth in his petition in the Platte County case. In the appeal of the Clay County case to this court, Roy asserted that the circuit court abused its discretion in denying his motion for new trial due to allegedly newly discovered evidence. *Roy*, slip op at. 11. The basis of Roy's claim was that McConnell had testified at trial that a footer had been placed for a proper foundation for the garage floor extension, but an inspection conducted post-trial revealed that no such footer existed. *Id*. This court found that the circuit court did not abuse its discretion in denying Roy's motion for new trial, noting that Roy made no allegation or showing that his failure to discover this evidence earlier "was not due to want of diligence." *Id*. As previously noted, res judicata applies "to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *King*, 821 S.W.2d at 501. Roy's allegations regarding the roof and garage extensions were claims that Roy could have raised in the Clay County case had he exercised reasonable diligence given that the claims stemmed from the same set of facts.

We, therefore, affirm the circuit court's granting of summary judgment in favor of MBW.


/s/ JAMES EDWARD WELSH
James Edward Welsh, Presiding Judge


All concur.