**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3801
_____

OVERSEAS LEASE GROUP, INC.; E. GEORGE BADCOCK, III;
HIGHLAND TH, LLC,
Appellants

v.

PLOCHER CONSTRUCTION COMPANY, INC.; SCOTT PLOCHER;
THE CITY OF TERRE HAUTE; THE CITY OF TERRE HAUTE WASTE WATER
UTILITIES; TERRE HAUTE BOARD OF PUBLIC WORKS AND SAFETY;
TERRE HAUTE DEWARTERING COMPANY, LLC; M. NOAH SODREL
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-17-cv-04917)
District Judge: Hon. John M. Vazquez
_____

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
February 6, 2020
_____

Before: SHWARTZ, SCIRICA, and COWEN, <u>Circuit Judges</u>.

(Filed: February 6, 2020)
_____

OPINION*
_____

---

\* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Overseas Lease Group, Inc., E. George Badcock, III, and Highland TH, LLC ("Highland") (collectively, "OLG") appeal the District Court's order dismissing their claims against Plocher Construction Company, Inc. and Scott Plocher (collectively, "Plocher").  Because the District Court correctly dismissed OLG's complaint as barred by claim preclusion, we will affirm.

I

A[1]

OLG sought to provide renewable diesel fuel to the City of Terre Haute, Indiana and other Terre Haute public bodies ("Terre Haute Entities").[2]  The Terre Haute Entities agreed to pay Highland, an OLG subsidiary, for de-watering services required to produce the fuel ("Agreement").[3]  Plocher agreed to provide construction services to OLG for the

---

[1] Because OLG appeals an order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept the well-pleaded facts alleged in its complaint as true.  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

[2] The Terre Haute Entities are the City of Terre Haute, Terre Haute Wastewater Utilities, and the Terre Haute Board of Public Works and Safety.

[3] OLG became involved in this project after an entity it acquired, Highland, had been assigned rights to the project from Powerdyne Terre Haute LLC.  Powerdyne originally entered the Agreement to sell the Terre Haute Entities renewable fuel in 2014. Highland was then a subsidiary of Powerdyne.  Highland leased the facilities at which the de-watering was to be performed.  The Terre Haute Entities and Powerdyne are not parties to this appeal.

de-watering project ("Plocher Contract").[4]  OLG alleges that it was induced to participate in this project based on the Terre Haute Entities' false revenue projections.[5]

OLG's subsidiary, Highland, was prepared to begin operating the de-watering facility, but the Terre Haute Entities never made payments.  Plocher sought payments for its work from OLG, but OLG did not make payments.

Plocher then sold OLG's de-watering equipment and brought an arbitration action against OLG, alleging breach of the Plocher Contract and related claims stemming from OLG's failure to pay Plocher for the work performed.  OLG counterclaimed for tortious interference with contract and tortious interference with business relationships.  The arbitration panel held that: (1) OLG breached the Plocher Contract and awarded Plocher $989,694.80; (2) OLG had no right to recover on its counterclaim; and (3) the award resolved "all claims and counterclaims submitted to this Arbitration" and "[a]ll claims and counterclaims not expressly granted [were] denied."  App. 74.  The United States District Court for the Eastern District of Missouri confirmed the arbitration award and entered judgment for Plocher ("Missouri Judgment").  Plocher Constr. Co. v. Overseas Lease Grp., Inc., No. 4:17-MC-156 JAR, 2017 WL 2213739 (E.D. Mo. May 19, 2017).

---

[4] Plocher entered the Plocher Contract with Highland.  OLG assumed the contract after OLG acquired Highland.

[5] In addition, beginning in late 2014, OLG learned that the Terre Haute Entities were allegedly receiving illegal payments from Plocher in a "pay-to-play" scheme.  App. 49 ¶ 27.

3

B

After the arbitration, OLG sued Plocher in the United States District Court for the District of New Jersey alleging common law fraud (Count I), aiding and abetting fraud (Count II), fraudulent inducement (Count III), aiding and abetting fraudulent inducement (Count IV), violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 et seq. (Count V), breach of fiduciary duty (Count VI), intentional interference in contract (Count VII), and theft and unjust enrichment (Count VIII).

Plocher moved to dismiss the amended complaint arguing, among other things, that the Missouri Judgment precluded the New Jersey lawsuit under the doctrine of claim preclusion. The District Court granted the motion, holding that OLG's claims against Plocher were barred by claim preclusion because (1) OLG had sued for money damages in both suits, (2) OLG's claims in this lawsuit are the same as its counterclaims in the arbitration, (3) the parties were the same in both actions, and (4) the quality of the parties was the same in both actions.[6] Overseas Lease Grp., Inc. v. Plocher Constr. Co., Civ. A. No. 17-4917 (JMV)(MF), 2018 WL 6191945, at *12-13 (D.N.J. Nov. 27, 2018). OLG appeals.

---

[6] The District Court also held that OLG failed to state a NJCFA claim against Plocher, and it dismissed the claims against the Terre Haute Entities based on claim preclusion. Overseas Lease Grp., Inc. v. Plocher Constr. Co., Civ. A. No. 17-4917 (JMV)(MF), 2018 WL 6191945, at *11-14 (D.N.J. Nov. 27, 2018). OLG does not appeal the dismissal of its claims against the Terre Haute Entities.

4

II[7]

The District Court properly dismissed the complaint as barred by the Missouri Judgment. Claim preclusion "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979). For judgments entered in diversity actions, we apply the preclusion-related law of the state where the federal court that entered the judgment sits. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001); see Taylor v. Sturgell, 553 U.S. 880, 891 n.4 (2008) (instructing that "[f]or judgments [entered] in diversity cases, federal law

---

[7] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review of a district court's order granting a motion to dismiss. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). We must determine whether the complaint, construed "in the light most favorable to the plaintiff," Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co., 768 F.3d 284, 290 (3d Cir. 2014) (citation omitted), "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), "but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements," James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012).

Claim preclusion may provide a "basis for a Rule 12(b)(6) dismissal" where the defense "is apparent on the face of the complaint." Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 280 (3d Cir. 2016) (internal quotation marks and citation omitted). In determining whether claims should be dismissed as barred by claim preclusion, a court may take judicial notice of the record of the prior proceeding, Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988), in addition to considering "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents," Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir. 2016) (citation omitted).

incorporates the rules of preclusion applied by the State in which the rendering court sits").

Because the United States District Court for the Eastern District of Missouri entered the judgment confirming the arbitration award, Missouri preclusion law applies. In Missouri, claim preclusion "prohibits a party from bringing a previously litigated claim" and "claims that should have been brought in the first suit." Kesterson v. State Farm Fire & Cas. Co., 242 S.W.3d 712, 715 (Mo. 2008) (emphasis omitted). Claim preclusion applies when two lawsuits share: (1) "identity of the thing sued for"; (2) "identity of the cause of action"; (3) "identity of the persons or parties to the action"; and (4) "identity of the quality of the person for or against whom the claim is made."[8] King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ Latter Day Saints, 821 S.W.2d 495, 501 (Mo. 1991).

OLG appropriately does not dispute that the first, third, and fourth elements of claim preclusion are satisfied. The "thing sued for" in both actions is money damages stemming from Plocher's conduct related to the Plocher Contract. See Roy v. MBW Constr., Inc., 489 S.W.3d 299, 304 (Mo. Ct. App. 2016) (holding that the "thing sued for" in both cases was money damages from defects in a home). The same entities, or their privies, were parties to both actions. Plocher and OLG were parties to the arbitration. While Badcock, CEO of OLG, and Highland, a subsidiary of OLG, were not parties to

---

[8] The final element, "identity of the quality of the person for or against whom a claim is made," refers to the capacity (i.e., individual or representative) in which the person is being sued. Commonwealth Land Title Ins. Co. v. Miceli, 480 S.W.3d 354, 365 (Mo. App. Ct. 2015).

the arbitration, they are "in privity with" OLG since their interests and the interests of OLG "are so closely intertwined that [Badcock and Highland] can fairly be considered to have had [their] day in court." Id. (citation omitted). The same is true for Scott Plocher, who is in privity with Plocher as its president. Finally, the parties in both cases are being sued in the same capacities, so the quality of the parties also is the same.

OLG contends, however, that the second element is not met because, in its view, the identity of the causes of action here differs from those pursued in the arbitration. We disagree. Claim preclusion prohibits "splitting" a cause of action that should have been brought in a single suit. Chesterfield Vill., Inc. v. City of Chesterfield, 64 S.W.3d 315, 318 (Mo. 2002). Thus, "[c]laims that could have been raised by a prevailing party in the first action are merged into, and are thus barred by, the first judgment." Id; see also King Gen. Contractors, 821 S.W.2d at 501 (applying claim preclusion "to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time"). "To determine whether a claim is barred by a former judgment, the question is whether the claim arises out of the same 'act, contract or transaction.'" Chesterfield, 64 S.W.3d at 319 (quoting Grue v. Hensley, 210 S.W.2d 7, 10 (Mo. 1948)). A "transaction" includes "any part of the transaction, or series of connected transactions, out of which the action arose." Id. (quoting Restatement (Second) of Judgments § 24 (Am. Law Inst. 1982)). We look to "the factual bases for the claims, not the legal theories," id., and we consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or

7

usage," <u>Kesler v. Curators of the Univ. of Mo.</u>, 516 S.W.3d 884, 890 (Mo. Ct. App. 2017) (citation omitted). For a later claim based on the same transaction to be distinct, "there must be new ultimate facts, as opposed to evidentiary details, that form a new claim for relief," and "a new claim for relief must be unknown to plaintiff or yet-to-occur at the time of the first action." <u>Id.</u> at 891 (citation omitted).

The causes of action asserted here and in the arbitration arose from the same transaction and depend on the same "facts" because both relate to alleged misconduct concerning the Agreement and the Plocher Contract. In both actions, OLG alleged that (1) Highland assumed Powerdyne's rights and obligations under the Agreement with the Terre Haute Entities; (2) Highland entered into the Plocher Contract with Plocher for construction services related to the de-watering; (3) Terre Haute's representations about revenue streams to fund the Agreement induced OLG to purchase Highland; (4) OLG assumed Highland's rights and obligations under the Plocher Contract; (5) Terre Haute refused to honor the Agreement and failed to deliver waste or make payments under it; (6) Plocher's sale of de-watering equipment interfered with the Agreement; and (7) Plocher's interference caused damages to OLG. OLG has alleged no "new ultimate facts" unknown to it during the arbitration. <u>Kesler</u>, 516 S.W.3d at 891 (quoting <u>Kesterson</u>, 242 S.W.3d at 716). Thus, all of OLG's claims were or could have been

8

adjudicated in the prior arbitration.[9]  Because all four elements are met, claim preclusion

bars this action.[10]

III

For all these reasons, we will affirm the order of the District Court.[11]

---

[9] OLG also argues that: (1) its claims were not adjudicated because the arbitration award does not refer to its claims; (2) it reserved the right to pursue the claims here and the arbitrator never considered its counterclaims; and (3) its claims could not have been adjudicated because the arbitration panel lacked jurisdiction over them, and its ability to pursue discovery on them was "extremely limited." Appellant's Br. 23.  OLG raised these arguments only in a sur-reply submitted to the District Court that it was never granted permission to file.  See App. 2 ("Plaintiffs also filed a sur-reply letter, D.E. 41, without leave of the Court, which was opposed . . . by the Plocher Defendants, D.E. 42. The Court has not relied on D.E. 41.").  Because the arguments were not properly raised with the District Court, we will not consider them.  See, e.g., Jaludi v. Citigroup, 933 F.3d 246, 256 n.11 (3d Cir. 2019) ("Because Citigroup failed to invoke the provision until its reply brief in the District Court, we deem this argument waived."); Shell Petroleum, Inc. v. United States, 182 F.3d 212, 218 (3d Cir.1999) (instructing that to preserve an issue for appeal, a party "must unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits").  Cf. Laurel Gardens, LLC v. McKenna, __ F.3d __, 2020 WL 202215, at *10 (3d Cir. Jan. 14, 2020) (holding that argument was properly preserved for appeal where the district court granted plaintiffs' unopposed motion to raise the argument in a sur-reply, and the district court considered the argument).  Even if we considered these arguments, we would conclude that each lacks merit.

[10] Because the Court correctly dismissed OLG's action against Plocher as barred by claim preclusion, any error in addressing the merits of the NJCFA claim was harmless. Hill v. Reederei F. Laeisz G.M.B.H., Rostock, 435 F.3d 404, 411 (3d Cir. 2006) ("An error will be deemed harmless only if it is 'highly probable' that the error did not affect the outcome of the case." (citation omitted)).

[11] Because a court may "'bypass' the jurisdictional inquiry in favor of a non-merits dismissal on claim preclusion grounds," Hoffman, 837 F.3d at 277, we need not address challenges to the District Court's order dismissing the complaint for lack of personal jurisdiction and improper venue.