

# In the Missouri Court of Appeals
# Eastern District

DIVISION TWO

| | | |
|---|---|---|
| JESSICA STACY, and BRIAN STACY, | ) | ED110678 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| v. | ) | 15SL-CC01911 |
| | ) | |
| THE BAR PLAN MUTUAL | ) | Honorable Nancy Watkins |
| INSURANCE COMPANY, | ) | McLaughlin |
| | ) | |
| Respondent. | ) | Filed: April 18, 2023 |

Jessica and Bryan Stacy (hereinafter "Stacys") appeal the circuit court's summary judgment in favor of The Bar Plan Mutual Insurance Company (hereinafter "The Bar Plan"). The circuit court concluded this Court's decision in *Stacy v. Bar Plan Mut. Ins. Co.*, 621 S.W.3d 549 (Mo. App. E.D. 2021), collaterally estops the Stacys' tort action for bad faith failure to settle. We reverse the judgment and remand the case for further proceedings consistent with this opinion.

## Factual and Procedural Background

The Stacys filed a legal malpractice action against their former attorney, Jeffrey Witt. Witt was insured by The Bar Plan. The Stacys demanded The Bar Plan settle the lawsuit by paying the policy limit ($500,000) for two claims. Three weeks prior to trial, The Bar Plan informed Witt the policy covered only one claim. Thereafter, the Stacys and Witt executed a settlement agreement pursuant to section 537.065, RSMo 2000 (hereinafter "Agreement"). The Agreement assigned to

the Stacys all of Witt's rights, claims, and causes of action against The Bar Plan. The Agreement further provided any judgment against Witt would be collected solely from The Bar Plan policy.

The legal malpractice action proceeded to a bench trial. Witt did not appear. The circuit court entered a judgment awarding the Stacys actual and punitive damages.

The Stacys filed an equitable garnishment action against The Bar Plan to collect on the legal malpractice judgment. They subsequently filed a tort action alleging The Bar Plan acted in bad faith by failing to settle Witt's malpractice claims. The two actions were initially consolidated, but the parties later stipulated to severing the two claims. The circuit court approved the parties' stipulation and entered an order severing the two causes "for all purposes and for all further proceedings." The two causes proceeded under separate cause numbers.

After severing the two causes, the circuit court entered summary judgment in favor of the Stacys in their equitable garnishment action. The circuit court concluded the limits of liability provision in The Bar Plan policy was ambiguous and must be interpreted to provide coverage for two claims instead of one. The circuit court further concluded The Bar Plan breached its policy by refusing to cover two claims, thus leaving Witt free to execute the Agreement with the Stacys without The Bar Plan's consent. This Court reversed the judgment and entered judgment in favor of The Bar Plan pursuant to Rule 84.14. *Bar Plan*, 621 S.W.3d at 566.

Following this Court's decision in *Bar Plan*, The Bar Plan filed a motion for summary judgment asserting the Stacys' claim for bad faith failure to settle was barred by res judicata and collateral estoppel. The circuit court concluded res judicata did not apply because The Bar Plan acquiesced to litigating the two claims in separate actions. However, in light of *Bar Plan*, the circuit found collateral estoppel applied because a judgment in favor of the Stacys "would necessarily be enforcing an already invalidated Section 537 Agreement." Consequently, the circuit

2

court entered summary judgment in favor of The Bar Plan "on the basis of collateral estoppel." The Stacys appeal from this judgment.

**Standard of Review**

The standard of review for summary judgment is de novo. *Reddick v. Spring Lake Ests. Homeowner's Ass'n*, 648 S.W.3d 765, 773 (Mo. App. E.D. 2022). A summary judgment will be affirmed on appeal if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. We review the facts in the record in the light most favorable to the non-moving party. *Id.* This Court will affirm a summary judgment on any basis supported by the record. *Brehm v. Bacon Twp.*, 426 S.W.3d 1, 3-4 (Mo. banc 2014).

**Analysis**

In their sole point on appeal, the Stacys claim the circuit court erred by entering summary judgment for The Bar Plan on grounds of collateral estoppel because *Bar Plan* did not invalidate Witt's assignment of his bad faith refusal to settle claim to the Stacys. The Bar Plan argues the circuit court correctly entered summary judgment in its favor because *Bar Plan* held the Agreement was invalid, thus negating Witt's assignment of the bad faith failure to settle claim to the Stacys. Alternatively, The Bar Plan contends res judicata applies and precludes the Stacys' cause of action for bad faith refusal to settle. We first address The Bar Plan's res judicata argument.

1. *Res Judicata*

Res judicata, or claim preclusion, bars the relitigation of a previously adjudicated claim. *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 715 (Mo. banc 2008). Res judicata applies when the following "four identities" are present:

> (1) identity of the things sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or status of the person for or against whom the claim is made. When these four identities concur,

res judicata operates to bar any claim that was previously litigated between the same parties or those in privity with them.

*Charter Commc'ns Operating, LLC v. SATMAP Inc.,* 569 S.W.3d 493, 505 (Mo. App. E.D. 2018). "In order for a subsequent claim on the same transaction to be considered separate, however, there must be new ultimate facts, as opposed to evidentiary details, that form a new claim for relief." *Kesterson*, 242 S.W.3d at 716.

Comparing the elements of equitable garnishment and bad faith refusal to settle shows the two actions are not identical. The two actions are premised on distinct "ultimate facts," so that the adjudication of one does not necessarily preclude subsequent litigation of the other. *Id.* To prove an equitable garnishment claim, "the plaintiff must prove that he obtained a judgment in his favor against the insurance company's insured, that the policy was in effect when the incident occurred and that the injury is covered by the insurance policy." *Spencer v. Hartford Cas.*, 556 S.W.3d 679, 683 (Mo. App. E.D. 2018). An equitable garnishment action is based on the extent of coverage provided by the insurance contract.

By contrast, "[a] claim for bad-faith failure to settle is a tort action based on the insurer's failure to protect the interests of its insured." *Sprint Lumber, Inc. v. Union Ins. Co.*, 627 S.W.3d 96, 119 (Mo. App. W.D. 2021). To prove a bad faith refusal to settle claim, the plaintiff must show the insurer reserved the exclusive right to contest or settle any claim, the insurer prohibited the insured from voluntarily assuming any liability or settling any claims without consent, and the insurer acted fraudulently or in bad faith by refusing to settle a claim within the limits of the policy. *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 827 (Mo. banc 2014). Unlike equitable garnishment, a tort claim for bad faith failure to settle requires proof of the insurer's state of mind, as demonstrated by its conduct. *Bar Plan Mut. Ins. Co. v. Chesterfield Mgmt. Assocs.*, 407 S.W.3d 621, 631 (Mo. App. E.D. 2013). The adjudication of the Stacys' equitable garnishment action had

4

no res judicata effect because it did not adjudicate the distinct facts underlying the Stacys' separate cause of action for bad faith failure to settle.

Res judicata also "applies to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *Id*. at 716. Here, as the circuit court determined, The Bar Plan's argument the Stacys should have litigated both claims in a single action is foreclosed by the order approving the parties' stipulation to sever the two actions "for all purposes and for all further proceedings." Now, after separately litigating the equitable garnishment action to finality, The Bar Plan asserts the Stacys' bad faith claim is precluded because they did not litigate it along with the equitable garnishment action. When a defendant "does not object on the basis of claim splitting while simultaneous actions are pending," the defendant acquiesces to separate trials. *Steinbach v. Maxion Wheels Sedalia LLC,* 637 S.W.3d 493, 510 (Mo. App. W.D. 2021) (citing Restatement (Second) of Judgments § 26). The Bar Plan's argument the Stacys should have litigated the severed bad faith claim along with the equitable garnishment claim is foreclosed by their acquiescence to exactly the opposite procedure. Holding otherwise would incentivize sandbagging. On this record, the circuit court correctly concluded the Stacys' claim for bad faith refusal to settle is not barred by res judicata.

2. *Collateral Estoppel*

The Stacys argue *Bar Plan* held only that Witt's execution of the Agreement breached the policy's cooperation clause, thus forfeiting his malpractice coverage and negating the Stacys' equitable garnishment action. Thus, the Stacys contend the holding in *Bar Plan* is limited to the issues underlying the equitable garnishment action and does not collaterally estop them from pursuing their separate tort action alleging bad faith failure to settle.

5

Collateral estoppel, or issue preclusion, precludes the same parties from relitigating "an issue that already has been decided in a different cause of action." *Brown v. Carnahan*, 370 S.W.3d 637, 658 (Mo. banc 2012). Collateral estoppel applies only if four elements are satisfied:

> (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Coop. Home Care, Inc. v. City of St. Louis*, 514 S.W.3d 571, 581 (Mo. banc 2017) (internal quotation omitted). The issue must have been necessarily decided by a court in an earlier proceeding. *State ex rel. Greitens v. Am. Tobacco Co.*, 509 S.W.3d 726, 734 (Mo. banc 2017). Therefore, "[c]ollateral estoppel does not prevent a party from litigating issues that were never argued or decided as essential to the judgment in the previous proceeding." *Ziade v. Quality Bus. Sols., Inc.,* 618 S.W.3d 537, 550 (Mo. App. W.D. 2021) (internal quotation omitted).

The holding in *Bar Plan* is defined by the issues necessary to the decision. On this point, Missouri law is clear:

> There is no doctrine better settled than that the language of judicial decisions must be construed with reference to the facts and issues of the particular case, and that the authority of the decision as a precedent is limited to those points of law which are raised by the record, considered by the court and necessary to the decision.

*Bob DeGeorge Assocs., Inc. v. Hawthorn Bank*, 377 S.W.3d 592, 600 (Mo. banc 2012) (quoting *State ex rel. Baker v. Goodman,* 274 S.W.2d 293, 297 (Mo. 1954)). The validity of the Agreement and the prospective viability of the Stacys' separate action for bad faith refusal to settle were not among the issues finally adjudicated in *Bar Plan*.

The equitable garnishment claim adjudicated in *Bar Plan* was brought pursuant to section 379.200, which provides the mechanism by which "an injured party can seek recovery against a

6

tortfeasor's insurer." *Carroll v. Mo. Intergovernmental Risk Mgmt. Ass'n*, 181 S.W.3d 123, 126 (Mo. App. W.D. 2005). In an equitable garnishment proceeding, the injured person "stands in the shoes of the insured because the rights of the injured person bringing an action against the insurer for equitable garnishment are derivative" of the rights of the insured. *Rodgers-Ward v. Am. Standard Ins. Co. Of Wisconsin*, 182 S.W.3d 589, 592 (Mo. App. E.D. 2005) (internal quotation omitted). Thus, as Respondent concedes, the viability of the Stacys' equitable garnishment action is not dependent on the validity of the Agreement. It follows that neither the validity of the Agreement nor the viability of the Stacys' separate claim for bad faith failure to settle were necessary to this Court's adjudication of the Stacys' equitable garnishment claim in *Bar Plan*.

Instead, *Bar Plan* resolved two main issues: (1) whether the Stacys' multiple demands against Witt constituted multiple claims allowing a multiple limit of liability recovery; and (2) whether The Bar Plan breached the policy by informing the Stacys their legal malpractice claims constituted a single claim under the policy's limits of liability. *Bar Plan*, 621 S.W.3d at 553. This Court held the Stacys' claims against Witt were a single claim and The Bar Plan did not unjustifiably refuse to provide coverage. Further, because Witt breached his duty to cooperate by executing the Agreement without The Bar Plan's consent, it was not bound by the legal malpractice action and could not be liable in the equitable garnishment action. *Id*. at 553-554; 566. This Court summarized its holding as follows: "[b]ecause The Bar Plan did not breach the policy or waive its Limits of Liability when it communicated its single-claim position as to the applicable Limits of Liability, summary judgment was not properly granted to the Stacys on their equitable garnishment action." *Id*. at 566. "Consequently, under the express terms of the Policy and the general insurance law, The Bar Plan cannot be held liable on the underlying judgment *in this case*." *Id*. (Emphasis added). Thus, *Bar Plan* at once expressly limits the holding to the issues "in this case" regarding

7

equitable garnishment while saying nothing about the prospective viability of the Stacys' separate tort action alleging bad faith failure to settle.

Nonetheless, The Bar Plan maintains this Court held the Agreement was invalid for all purposes, thereby negating Witt's assignment of his bad faith claim to the Stacys. The Bar Plan emphasizes this Court's conclusion "Witt had no authority" to enter into the Agreement and "breached his duty as an insured" by doing so. *Bar Plan*, 621 S.W.3d at 566. The Bar Plan incorrectly divorces these statements from their context, and extends them far beyond the actual holding resolving the dispositive issues in *Bar Plan*. *Bob DeGeorge Assocs.*, 377 S.W.3d at 600 (explaining a court's holding "must be construed with reference to the facts and issues of the particular case"). This Court's conclusion Witt breached his duty as an insured by executing the Agreement expressly referred to the breach of "his duty as an insured to cooperate" with the Bar Plan's defense and the attendant forfeiture of coverage under the policy. *Bar Plan*, 621 S.W.3d at 566. As this Court held, Witt's forfeiture of coverage vitiated the Stacys' equitable garnishment claim, leading to the conclusion "The Bar Plan cannot be held liable on the underlying judgment" in the equitable garnishment action. *Id*. This Court did *not* hold the Agreement was invalid for all purposes and that Witt had no authority to assign his separate tort claims to the Stacys. Nor could it, because neither of those propositions were necessary to the resolution of the equitable garnishment action. This is confirmed by the fact the parties agreed to sever the bad faith claim and, consistent with that understanding, neither party specifically claimed in the circuit court or during the *Bar Plan* appeal that the Agreement was wholly invalid.[1]

---

[1] An appellate court may take judicial notice of its own records in a related case to provide a more complete understanding of the context of an appeal. *Shanks v. Shanks*, 628 S.W.3d 439, 441 n.4 (Mo. App. E.D. 2021). This Court therefore takes judicial notice of its own files in *Stacy v. Bar Plan Mutual Insurance Co.*, Case No. ED108576.

8

*Bar Plan* did not finally adjudicate the issues pertaining to the prospective viability of the Stacys' separate claim for bad faith failure to settle. Accordingly, we hold *Bar Plan* does not collaterally estop the Stacys' separate tort action alleging bad faith failure to settle. *Am. Tobacco Co.*, 509 S.W.3d at 734 (stating collateral estoppel applies only to an "issue of fact or law that is necessary to the court's judgment"). For these reasons, the circuit court erred by granting summary judgment in favor of The Bar Plan on grounds *Bar Plan* precluded the Stacys' separate tort claim for bad faith failure to settle.

## Conclusion

We reverse the circuit court's judgment and remand the case for proceedings consistent with this opinion.

Renée Hardin-Tammons, Judge

Lisa P. Page, P.J. and
Thomas C. Clark, II, J., concur.