Terry KEEHN and Timothy Keehn,
Plaintiffs/Appellants,

v.

RUZICKA ELECTRIC & SONS, INC.,
Defendant/Respondent.

No. ED 90469.

Missouri Court of Appeals,
Eastern District,
Division One.

April 29, 2008.

William E. Moench, St. Louis, MO, for appellants.

Mark W. Weisman, Tiffany B. Kieffer, St. Louis, MO, for respondent.

KENNETH M. ROMINES, Judge.

The Circuit Court of St. Louis County, the Honorable Michael T. Jamison presiding, granted summary judgment against Terry and Timothy Keehn in their prevailing wage claim against their former employer, Ruzicka Electric & Sons, Inc., finding the claim was barred by the applicable statute of limitations. On appeal, the Keehns argue that Ruzicka's failure to post the prevailing wage should toll the statute of limitations. Because the Keehns failed to plead their fraudulent concealment theory with particularity, we affirm.

### Factual and Procedural Background

Ruzicka, a non-union electrical subcontractor, hired the Keehns to work on various public works construction projects from August 2001 to October 2002. Missouri's Prevailing Wage Law, §§ 290.210–290.340, RSMo. (2000), required Ruzicka to pay the prevailing wage for each of those projects.

In April 2006, the Keehns discovered through letters from the Department of Industrial Relations that Ruzicka violated this law by paying them less than the prevailing wage. The Keehns filed suit to recover the underpayment on 28 July 2006. They alleged that Ruzicka's failure to post the prevailing wage, as required by the statute, delayed their notice of the underpayment until the Department of Industrial Relations wrote them.

Ruzicka moved for summary judgment on the ground that the applicable three-year statute of limitations had run, barring the Keehns' claim. See § 516.130(3). The Keehns argued in their responsive motion that Ruzicka's failure to post the prevailing wage in the workplace equitably tolled the time period. More specifically, the Keehns maintained that Ruzicka's actions amounted to an "improper act," § 516.280, and, as such, Ruzicka fraudulently concealed the existence of their claims. Ruzicka's response informed the court that the Keehns failed to plead and prove fraudulent concealment in their complaint, and argued that, in any event, Ruzicka's actions did not rise to the level of fraudulent concealment. The trial court found no fraudulent concealment that would operate to toll the limitations period. Thus, the court entered summary judgment in Ruzicka's favor because the Keehns' claims were untimely. This appeal follows.

The Keehns raise one point on appeal, arguing that the trial court erred in granting summary judgment because a genuine factual dispute exists as to whether Ruzicka fraudulently concealed information that

prevented the Keehns from earlier discovering the underpayment. Ruzicka responds first that the Keehns' pleadings did not raise fraudulent concealment and thus they have waived that argument; second, that failure to post the prevailing wage did not constitute an improper act of fraudulent concealment under § 516.280. Because we agree with the former claim, we affirm the trial court's judgment.

### Standard of Review

We review a district court's summary judgment disposition de novo, asking and answering the same questions that the trial court did: whether there is a genuine issue as to any material fact, and whether the moving party is entitled to judgment as a matter of law. *Daugherty v. City of Maryland Heights,* 231 S.W.3d 814, 818 (Mo. banc 2007). As part of this review, we view the facts in the light most favorable to the non-moving party. *Id.*

### Discussion

As a threshold issue, Ruzicka argues that the Keehns' failure to plead equitable tolling due to fraudulent concealment results in their having waived the argument. Counsel for the Keehns conceded at oral argument that fraudulent concealment was not included in the Keehns' complaint. As the Keehns see it, they were not required to plead fraudulent concealment because (1) they did not bring a fraudulent concealment claim, and (2) it arose at the summary judgment stage only in response to

the Ruzicka's affirmative defense. Because we find this point to be dispositive, we address it alone.

Fraudulent concealment falls squarely into the category of avoidances to a defendant's statute of limitations defense. Missouri procedure requires parties to plead affirmative avoidances, such as fraudulent concealment, either in a complaint, amended complaint, or responsive pleading. Rule 55.08; *see also Jaycox v. Brune,* 434 S.W.2d 539, 546 (Mo.1968), *abrogated on other grounds by State ex rel. Leonardi v. Sherry,* 137 S.W.3d 462 (Mo. 2004). Failure to assert the avoidance in the pleadings results in a waiver. *See Womack v. Callaway County,* 159 S.W.2d 630, 632 (Mo.1942). The rules are generally not taxing, requiring only "a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." Rule 55.08. Allegations of fraud, however, must be plead with particularity. Rule 55.15; *Batek v. Curators of Univ. of Mo.,* 920 S.W.2d 895, 900 (Mo. 1996).

These complementary doctrines, therefore, not only required the Keehns to plead their affirmative avoidance of fraudulent concealment, but also to plead it with particularity. Having reviewed the pleadings, we find no mention of fraudulent concealment, let alone a particularized one. Despite Ruzicka's answer alleging that the statute of limitations barred the lawsuit, the Keehns filed no responsive pleading,[1] nor did they amend their petition.[2] There-

---

1. Rule 55.01 states, in part, "A defense consisting of an affirmative avoidance to any matter alleged in a preceding pleading must be pleaded." Rule 55.09 states that averments that require a response are deemed admitted when not denied in responsive pleadings.

2. Rule 55.33 governs amendments to pleadings and states that "leave [to amend] shall be

freely given when justice so requires." Rule 55.33(a).

One tangential issue requires brief mention. The Keehns emphasize the fact that both parties argued fraudulent concealment at the summary judgment stage, seemingly invoking, though never explicitly citing, the general rule that issues not raised in the pleadings nevertheless tried by consent of the parties operate to effectively amend the pleadings to conform to the evidence. *See* Rule 55.33(b). While

fore, because the Keehns did not properly plead their affirmative avoidance of the statute of limitations, they have waived that argument. Having offered no other reason why we should excuse the untimeliness of their complaint, our inquiry ends.[3]

### Conclusion

Fraudulent concealment is an affirmative avoidance that must be pleaded with particularity. Because the Keehns did not include this argument in their pleadings, they may not make it the basis of their appeal. The trial court correctly concluded that the Keehns' lawsuit was filed out of time.

AFFIRMED.

KATHIANNE KNAUP CRANE, P.J., and ROBERT G. DOWD, JR., J., concur.

true as a general proposition, on this record, the argument fails to persuade when the only discussion of fraudulent concealment came at the summary judgment stage; and furthermore, Ruzicka's *summary judgment response* objected to the Keehns' fraudulent concealment assertion as being outside the pleadings. In our view, Ruzicka's response in the alternative addressing the argument on its merits does not amount to consent to try the issue.

*Compare Hanff v. Hanff,* 987 S.W.2d 352, 353 (Mo.App.1998). The Keehns could have responded to Ruzicka's objection by seeking leave to amend their pleadings, but they did not.

3. Because this is the Keehns' sole point on appeal and the subject of their brief, we deny Ruzicka's motion to strike portions of the Keehns' brief as moot.